**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 0 8 2019

In the UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Western Division

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**BART HAYNIE,**                                                                    **PLAINTIFF**
*Individually and on behalf of*
*all others similarly situated*

v.                                 Case No. 4:19- cv- 336 - JM

**UBER TECHNOLOGIES, INC.**                                         **DEFENDANT**

## Class and Collective Action Complaint

COMES NOW Plaintiff Bart Haynie, individually and on behalf of all others similarly situated, by and through his attorneys Chris Burks and Brandon Haubert of WHLAW PLLC, and for his Class and Collective Action Complaint against Defendant Uber Technologies, Inc. ("Defendant"), he does hereby state and allege as follows:

### I.   Introduction

1.     This is a hybrid class and collective action brought by Plaintiff Bart Haynie, individually and on behalf of other drivers who worked for Defendant at any time within a three-year period preceding the filing of this Complaint.

2.     Citizen safety is a primary policy behind overtime laws.  Forcing companies to pay time-and-a-half for hours over forty disincentives them from tiring their workers with long hours.  A forty-hour base work week leads to safer work, products and services for customers.

3.     Rather than following this longtime principle that has helped sustain our

This case assigned to District Judge _Moody_
and to Magistrate Judge _Kearney_                    Page 1 of 18

free-market system, Uber does not pay its drivers overtime, nor tell them the truth about how much they will be paid. Drivers are thus forced to drive long hours, leading to a myriad of safety issues for customers.

4.      Plaintiff thus brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, including a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiff and other drivers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

5.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.      Jurisdiction and Venue

6.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

8.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

9.      The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas;

therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

10.     Defendant does business in this district and a substantial part of the events alleged herein occurred in this District.

11.     The witnesses to overtime violations alleged in this Complaint reside in this District.

12.     The payroll records and other documents related to the payroll practices that Plaintiff challenges are accessible in this District.

### III.     The Parties

13.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.     Plaintiff Bart Haynie is a citizen and resident of Pulaski County.

15.     Plaintiff worked for Defendant as a driver within the three (3) years preceding the filing of this Complaint.

16.     Plaintiff was paid a varying rate based in part on the duration and distance of trips completed.

17.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

18.     Defendant Uber Technologies, Inc., is a Delaware corporation that transports individuals throughout Arkansas and across the country.

19.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

21.     Defendant Uber Technologies, Inc.'s principal address is Uber Technologies, Inc., 1455 Market St., San Francisco, CA 94103.

22.     Defendant Uber Technologies, Inc.'s registered agent for service of process is National Registered Agents, Inc., 160 Greentree Dr., Suite 101, Dover, Delaware 19904.

23.     Defendant was at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the proposed classes, and is and has been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

24.     Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

## IV.     Factual Allegations

25.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

26.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a driver based in Little Rock.

27.     Defendant directly hired Plaintiff and other drivers, paid them wages and extra compensation, dictated their work schedules, duties, protocols, applications, assignments and employment conditions, and kept records regarding their employment.

28.     Plaintiff and other drivers traveled to Defendant's customers to provide transportation.

29.     Plaintiff and other drivers were classified as hourly employees and paid a blended-rate that varies based in part on the duration and distance of trips completed.

30.     Plaintiff and other drivers regularly worked in excess of forty (40) hours per weekly pay period.

31.     It was Defendant's commonly applied practice to not pay Plaintiff and other drivers for all of the hours during which they were performing labor for Defendant, and to not pay them a lawful overtime premium.

32.     As a result, Defendant did not pay Plaintiff or other drivers a lawful overtime wage of one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in a week.

33.     Plaintiff and other drivers were and are entitled to a lawful overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

34.     Defendant refused to pay Plaintiff and other drivers for all hours worked, even though Defendant was aware of those additional hours worked.

35.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other drivers violated the FLSA and AMWA.

36.     Plaintiff and other drivers were not financially invested in the company.

37.     Plaintiff and other drivers did not share in the profits or losses of the company.

38.     Plaintiff and other drivers did not solicit customers, they were given and arranged for Plaintiff and other drivers by Defendant by methods controlled by Defendant.

39.     Defendant sets rules and have complete control over the manner and method of work to be performed, and Plaintiffs had to obey these rules or risk the loss of his job.

40.     Defendant promised Plaintiff and other drivers a rate of pay based on the fares set by Defendant.

41.     Plaintiff and other drivers relied on that promised rate of pay in taking the position with Defendant and accepting the offer.

42.     Plaintiff and other drivers did not receive the promised rate of pay based on the fares set by Defendant.

43.     But for Defendants actions keeping more of their pay than promised, Plaintiff and other drivers would have received more income.

### V. Representative Action Allegations

#### A.     FLSA § 216(b) Collective

34.     Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as if fully set forth in this section.

35.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36.     Plaintiff brings his FLSA claims on behalf of all drivers who worked for Defendant at any time within the applicable statute of limitations period for more than forty (40) hours in a week, who were non-exempt from the overtime requirements of the FLSA

and who are entitled to payment of the following types of damages:

     A.      Payment for all hours worked, including payment of overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

     B.      Liquidated damages and attorneys' fees and costs.

     37.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

     38.     The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

     39.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

     A.      They were non-exempt from the overtime requirements of the FLSA;

     B.      They were paid a blended and varying rate;

     C.      They worked more than forty (40) hours in workweeks;

     D.      They recorded their time in the same manner; and

     E.      They were subject to Defendant's common practice of denying pay for all hours worked, including overtime pay for some hours worked over forty (40) per work week.

     40.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 50 persons.

     41.     In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

42.     Defendant can readily identify the members of the Section 16(b) Collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

**B.      AMWA, breach of contract and unjust enrichment Rule 23 Class**

43.     Plaintiff, individually and on behalf of all other similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA, breach of contract and unjust enrichment as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44.     Plaintiff proposes to represent the class of drivers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

45.     Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA; whether Defendant entered into and breached a contract with Plaintiff and other drivers; and whether Defendant has been unjustly enriched by its failure to lawfully pay Plaintiff and the other drivers for all hours worked.

46.     Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA

class.

47.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

48.     Plaintiff is unable to state the exact number of the potential members of the AMWA, breach of contract and unjust enrichment class but believes that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

49.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

50.     Concentrating the litigation in this forum is highly desirable because Plaintiff and all proposed class members work or worked in Arkansas.

51.     No difficulties are likely to be encountered in the management of this class action.

52.     The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked for Defendant and experienced the same violations of the AMWA, breach of contract and unjust enrichment that all other class members suffered.

53.     Plaintiff and his counsel will fairly and adequately protect the interests of

the class.

54.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

55.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. First Claim for Relief

## (Individual Claim for Violation of FLSA)

56.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

57.     29 U.S.C. § 206 and 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C. § 206; 29 U.S.C. § 207.

58.     Defendant failed to pay Plaintiff a one-half (1.5) times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

59.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

60.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

61.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. Second Claim for Relief

### (Collective Action Claim for Violation of FLSA)

62.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

63.     Plaintiff asserts this claim on behalf of all drivers for Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours he and they worked in excess of forty (40) each week.

64.     Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

65.     29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C. § 206; 29 U.S.C. § 207.

66.     Defendant failed to pay Plaintiff and those similarly situated for all hours worked over forty (40) hours per week, despite their entitlement thereto, and instead deliberately chose to only pay them for some of those hours.

67.     Because these employees are similarly situated to Plaintiff, and are owed

overtime for the same reasons, the proposed collective is properly defined as follows:

**All drivers employed by Defendant within the past three years who worked more than forty (40) hours in any work week, were not paid through an LLC or other corporate entity owned by the driver, and did not have subcontractors working for the driver.**

68.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

69.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

70.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of the AMWA)

71.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

72.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

73.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all

employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

75.     Defendant failed to pay Plaintiff all wages owed, as required under the AMWA.

76.     Despite the entitlement of Plaintiff to payment of a lawful overtime payment under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium.

77.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

78.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

79.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.     FOURTH CLAIM FOR RELIEF

### (Individual Claim for Breach of Arkansas Contract)

80.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

81.     Defendant offered, and Plaintiff and accepted, employment with Defendant

creating a contract of employment. Plaintiff justifiably relied upon this promise to pay a seta rate in accepting the contract for employment.

82.     At different times, Defendant, through its telephone software application and its employees/managers and/or agents, varied the rate of pay from the original contract offer, resulting in Plaintiff receiving less than provided for in the contract.

83.     The consideration for each contract of employment was the payment of wages as agreed upon by Defendant and Plaintiff.

84.     Plaintiff performed all conditions precedent to performance by Defendant.

85.     Defendant breached this contract of employment with Plaintiff by deliberately failing to pay Plaintiff the set rate as promised, including a lawful overtime rate.

86.     Plaintiff was damages by Defendant's breach in that he worked hours for which he should have been compensated at the agreed rate, but was not compensated because of Defendant's breach.

87.     Plaintiff is entitled to recover all wages to which he is owed by contract, and all other damages from this breach of contract.

## IX.     FIFTH CLAIM FOR RELIEF

### (Individual Claim for Unjust Enrichment)

88.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

89.     Whether the Court finds that Plaintiff had a breached contract with Defendant or not, Defendant has received and benefitted from the labor of Plaintiff such that retaining said benefits without compensation would be inequitable and rise to the level

of unjust enrichment

90.      Plaintiff conferred on Defendant the benefit of his services.

91.      At all times relevant, Defendant acted upon a plan to increase its earnings and profits by securing earnings promised to and made by Plaintiff.

92.      Defendant retained and continued to retain such benefits contrary to the fundamental principles of equity.

93.      By reason of Plaintiff working and Defendant keeping the amount promised to Plaintiff, defendant has been unjustly enriched at Plaintiff's expense with actual damages to Plaintiff.

## X.      SIXTH CLAIM FOR RELIEF

### (Class Action Claim for Violation of the AMWA, breach of contract and unjust enrichment)

94.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

95.      All members of the proposed class received the same contract offer and had the same breach as discussed above, *infra*, p. 13-14.

96.      Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*, breaches of contract and unjust enrichment.

97.      At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

98.      Defendant failed to pay Plaintiff and members of the proposed class all

wages owed, as required under the AMWA, and failed to uphold Defendant's promises to

Plaintiff and the proposed class, as well as unjustly enriched itself.

99.     Despite the entitlement of Plaintiff and members of the proposed class to

payment of lawful overtime payments under the AMWA, Defendant failed to pay Plaintiff

and members of the proposed class a lawful overtime premium.

100.     Plaintiff proposes to represent the AMWA, breach of contract and unjust

enrichment liability class of individuals defined as follows:

> **All drivers employed by Defendant in Arkansas within the past three years who worked more than forty (40) hours in any work week, were not paid through an LLC or other corporate entity owned by the driver, and did not have subcontractors working for the driver.**

101.     Defendant's conduct and practices, as described above, were willful,

intentional, unreasonable, arbitrary and in bad faith.

102.     By reason of the unlawful acts alleged herein, Defendant is liable to

Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a

reasonable attorney's fee provided by the AMWA for all violations which occurred within

the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

103.     Alternatively, should the Court find that Defendant acted in good faith in

failing to pay Plaintiff and members of the proposed class as provided by the AMWA,

Plaintiff and members of the proposed class are entitled to an award of prejudgment

interest at the applicable legal rate.

## X.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Bart Haynie, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.     That Defendant be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

B.     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

C.     A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

D.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

F.     Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations; and judgment for damages for breach of contract and unjust enrichment;

G.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act,

29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class during the applicable statutory period;

H.     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; as well as judgment for breach of contract and unjust enrichment

I.     An order directing Defendant to pay Plaintiff and members of the class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**BART HAYNIE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WH LAW, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891–6000

By:

Chris W. Burks (ABN: 2010207)
chris@whlawoffices.com

Brandon M. Haubert (ABN: 2013137)
brandon@whlawoffices.com

In the UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Western Division

**BART HAYNIE,**                                                          **PLAINTIFF**
*Individually and on behalf of*
*all others similarly situated*

v.                                        Case No. 4:19-_____

**UBER TECHNOLOGIES, INC.**                                    **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a driver for Defendant Uber Technologies, Inc. on or after May

08, 2016. I understand this lawsuit is being brought under the Fair Labor Standards Act and

Arkansas Minimum Wage Act for overtime compensation and for Defendant's unjust

enrichment. I consent to becoming a party-plaintiff in this lawsuit, to be represented by wh

Law, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

**Bart Haynie**
Date: May 08, 2019

*/s/ Chris Burks*
Chris Burks, Esq.
WH LAW, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
Telephone: (501) 891–6000
chris@whlawoffices.com